UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AEB BIOCHEMICAL USA,

    Plaintiff,

v.                                                  Case No. 8:24-cv-2535-TPB-AAS

SEAN SCHUCK SMITH,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on "Defendant's Motion to Dismiss [Complaint]" filed on December 30, 2024. (Doc. 17). Plaintiff AEB Biochemical USA filed a response in opposition on January 9, 2025. (Doc. 20). After reviewing the motion, response, court file, and the record, the Court finds as follows:

**Background**

In 2010, Defendant Sean Schuck Smith began working for Plaintiff AEB Biochemical USA ("AEB"), which specializes in developing biotechnology and other products used in brewing and winemaking. Smith started as a contractor providing technical assistance with AEB equipment, worked in sales for several years, and eventually was promoted to Country Manager in 2021. In his role as Country Manager, Smith worked directly with wine producers to determine the best set of processes, equipment, and treatments to enhance their products, and he was entrusted with access to AEB's property, computer systems, and files, including its confidential, proprietary, and trade secret information.

In October 2023, AEB discovered that Smith and another employee, Victoria Tagliente, were working together to defraud AEB of money and property. Smith and Tagliente apparently devised a scheme where they would create various entities that posed as "independent contractors," and then cut checks to those entities from AEB's bank account. One of these fraudulent entities, Elite Consulting Services, was paid $67,500 for work presumably performed by Smith while he was still employed by AEB.

Smith and Tagliente also defrauded the company in less artful ways. For example, they issued checks to themselves in their own names and made cash withdraws from AEB's bank account. Furthermore, after Smith moved from California to Florida to work remotely, Smith and Tagliente used company funds to rent a condominium in Lodi, California, for their private use when he would visit.

AEB eventually uncovered the fraudulent scheme after Smith attempted to purchase a new car in his own name through payments made by Tagliente from AEB's bank account. Thereafter, on October 23, 2023, Smith and AEB entered into a Separation Agreement and General Release ("Agreement"), which AEB attached to the complaint. (Doc. 1-3). The Agreement requires that, among other things, Smith return to AEB "all property, files, and other AEB materials in his possession including, but not limited to, all facility keys, laptops, computers, monitors, credit cards, electronic devices, documents, files, reports, intellectual property, and passwords required to access AEB's property and information." The Agreement also specifically prohibited Smith from using AEB's trade secrets to solicit AEB's customers for a period of 12 months after the date of the Agreement.

AEB now alleges that Smith violated the Agreement by stealing from the company, misappropriating its confidential information, and doing business with one of AEB's clients, Thomas Allen Vineyards & Winery. AEB alleges in the complaint that these acts have resulted in at least $179,000 in damages. Accordingly, on October 29, 2024, AEB filed a six-count complaint against Smith for breach of fiduciary duty (Count I), breach of contract (Count II), breach of the implied covenant of good faith and fair dealing (Count III), civil theft (Count IV), conversion (Count V), and fraud (Count VI). Smith has moved to dismiss all counts.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the

complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. 2009) (Lazzara, J.).

## Analysis

Smith offers several different grounds for dismissing AEB's claims. First, he argues that the case should be dismissed because the complaint's allegations conflict with a pending lawsuit by AEB against Tagliente and Elite Consulting Services in California.[1] He next argues that the Agreement forecloses Counts I, IV, V, and VI, since it extinguished any previous rights or obligations between the parties. Smith lastly argues that Counts II and III should be dismissed as well for failure to state a claim. The Court considers each argument in turn.

### *Ongoing Litigation in California*

The crux of Smith's argument for dismissal based on the existence of the pending California lawsuit is that the facts asserted therein are substantially similar to or identical to the facts asserted in this case, but that the two complaints are inconsistent with one another because "one pleads that Tagliente took certain actions, while the other pleads that Smith took those same actions." Smith therefore argues the existence of two lawsuits runs the risk of inconsistent results and is evidence of improper "claim splitting." The Court rejects these arguments for dismissal.

---

[1] *See AEB Biochemical, USA v. Tagliente*, No. 1:24-CV-00905-KES-SKO (E.D. Cal.) (filed Aug. 5, 2024).

First, Smith's motion to dismiss impermissibly seeks dismissal based on matters outside of the four corners of the complaint. *See Rickman*, 902 F. Supp. 232 at 233. Second, even if consideration of the California suit were proper, Smith offers no legal authority supporting dismissal based on the mere existence of a contradictory allegation in the California suit, particularly in this case, where AEB is alleging a fraudulent scheme by two employees working in tandem. Of course, this may be a problem for AEB at a later stage of the proceeding, but not at the motion to dismiss stage.

Finally, as noted above, Smith asserts that AEB engaged in improper "claim splitting" due to the similarities between this case and the one in California. To determine if AEB has improperly split claims among different lawsuits, the Court must examine "(1) whether the case involves the same parties and their privies, and (2) whether separate cases arise from the same transaction or series of transactions." *Rumbough v. Comenity Cap. Bank*, 748 F. App'x 253, 255 (11th Cir. 2018) (quoting *Vanover v. NCO Fin. Servs., Inc.,* 857 F.3d 833, 841-42 (11th Cir. 2017)). "A court should make this determination 'pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations.'" *Bongiovanni v. Austin*, No. 3:22-cv-237-MMH-MCR, 2022 WL 1642158 (M.D. Fla. May 24, 2022).

The simple problem for Smith is that the Florida and California cases involve different parties, and he therefore fails the first prong of the claim-splitting test. The California lawsuit names Tagliente and Elite Consulting Services as

defendants, neither of which are named here. Moreover, the treatment of these cases as a unit cannot be said to "conform to the parties' expectations" because AEB and Smith expressly agreed to a forum selection clause to handle disputes related to the Agreement "in the federal courts having jurisdiction over Hillsborough County, Florida." *See* (Doc. 1-3 at 8).

"Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009). A court will generally only invalidate a forum selection clause when "(1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Id.*

Here, Smith makes no argument that the forum selection clause in the Agreement was procured by fraud, would deprive him of his day in court, would deprive him of a remedy, or contradicts public policy. Nor does the Court have any independent basis on which to conclude the provision is fundamentally unfair. If anything, the forum selection clause made it more convenient for Smith to litigate matters pertaining to the Agreement or his employment, since he is a resident of Florida and AEB is based in California. Because of the forum selection clause, as well as a lack of support demonstrating that these claims were improperly split, the Court rejects Smith's arguments for dismissal premised on the existence of the California lawsuit.

### *Counts I, IV, V, and VI*

Smith next argues that Counts I, IV, V, and VI should be dismissed because they pertain only to activities that occurred prior to the execution of the Agreement. In Smith's view, the Agreement represents a novation, *i.e.,* "a mutual agreement between the parties for the discharge of a valid existing obligation by the substitution of a new valid obligation." *Aronowitz v. Health-Chem Corp.*, 513 F.3d 1229, 1237 (11th Cir. 2008) (quoting *Jakobi v. Kings Creek Vill. Townhouse Ass'n*, 665 So.2d 325, 327 (Fla. 3d. DCA 1995)).

"Four elements must be present to effectuate the novation of a binding contract: (1) a previously valid contract; (2) agreement of the parties to cancel that contract; (3) a new valid and binding contract; and (4) agreement of the parties that the new contract will replace and extinguish the old one." *Audiology Distribution, LLC v. Simmons*, No. 8:12-cv-02427-JDW, 2014 WL 7672536, at*13 (M.D. Fla. May 27, 2014). "Whether a novation occurs is controlled by the intention of the parties." *Id.* (internal quotation omitted). Smith bears the burden of proving a novation occurred. *See id.*

Smith argues that the parties previously had a valid oral contract of employment and that, upon termination of his employment, the parties entered into a new binding contract through the Agreement. Smith then points to section 16 of the Agreement, which states: "This Agreement contains the entire understanding between [Smith] and AEB relating to [Smith's] separation from AEB and supersedes any prior understanding or agreement, written or oral, between [Smith] and AEB with respect to Employee's employment by AEB and any and all

compensation and severance owed by AEB to [Smith]." Smith thus contends that the Agreement extinguished any prior agreement or obligations pursuant thereto.

AEB responds that Smith fails to satisfy the first requirement for a novation because no prior employment agreement or contract exists between the parties. AEB acknowledges that it hired Smith and promoted him throughout his time with the company but urges that none of the allegations in the complaint evidence the existence of a prior employment agreement with him.

The Court again agrees with AEB. Plainly read, the complaint references no prior obligations or agreement between the two parties except for the Agreement. And, as AEB notes, the Agreement does not act as a *mutual* release of claims by the parties – it only contains a release and waiver by Smith concerning potential claims against AEB. The Court further notes that, even if there were a prior contract between the parties, it is unclear why its discharge would extinguish claims for breach of fiduciary duty, civil theft, conversion, and fraud – none of which sound in contract. Because Smith offers novation as the only ground for dismissing these claims, the Court rejects their dismissal.

*Counts II and III*

Finally, Smith argues that AEB's breach of contract claim, Count II, should be dismissed for failure to state a claim. The thrust of Smith's argument is that the complaint raises only generalized and vague allegations pertaining to his apparent misappropriation of AEB's property and solicitation of AEB's customers in violation of the Agreement. In his view, such allegations do not rise to the requisite level of

specificity to properly "apprise the defendant in what particular [way] he has failed to perform." *Hazen v. Cobb*, 117 So. 853, 856 (Fla. 1928).

For a breach of contract claim, "Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; (3) damages resulting from the breach." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009). It is undisputed that the Agreement is a valid contract between the parties. Turning to the allegations of material breach, the Court finds them sufficient to state a claim for breach of contract. "The purpose [of a complaint] is to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Arrington v. Wells Fargo*, 842 F. App'x 307, 311 (11th Cir. 2020) (quoting *Twombly*, 550 U.S. at 555). AEB specifies various provisions in the Agreement that it alleges Smith violated, which fairly apprises Smith of the claims against him. Although AEB does not list the items purportedly misappropriated by Smith, the narrow nature of the allegations of breach gives Smith fair notice of the claims against him. AEB also alleges it was damaged by Smith's actions through loss of funds and future business.

Smith also argues that AEB's claim for breach of the implied covenant of good faith and fair dealing, Count III, must be dismissed because AEB does not have a valid breach of contract claim. *See Centurion Air Cargo, Inc. v. United Parcel Serv., Co.*, 420 F.3d 1146, 1151 (11th Cir. 2005) ("A breach of the implied covenant of good faith and fair dealing is not an independent cause of action, but attaches to the performance of a specific contractual obligation."). However, because the Court is

not dismissing AEB's breach of contract claim, the Court rejects this argument for dismissal of Count III.

Nevertheless, "[a] breach of the implied covenant claim may be dismissed as redundant if the conduct violating the implied covenant is duplicative of the breach of contract claim." *Lena Watts-Robinson v. Anderson Reporting Servs., Inc.*, No. 3:11-cv-290-J-37JBT, 2011 WL 13295707, at *2 (M.D. Fla. Sept. 22, 2011). "[T]o state a claim for breach of the implied covenant of good faith and fair dealing, [the plaintiff] must identify the specific contract term(s) giving rise to the implied duty of good faith and also allege how [the defendant] breached [its] implied duty, alleging facts different from those giving rise to the breach of contract claim." *Id.*

Here, the allegations in Count III are exceedingly vague and conclusory, articulating nothing more than a generalized failure by Smith to abide by the terms of the Agreement. These allegations cannot be meaningfully distinguished from those described in AEB's breach of contract claim. On this basis, the Court grants the motion to dismiss as to Count III *only*. The Court will dismiss Count III without prejudice and with leave to amend to cure these deficiencies, if AEB may do so in good faith.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant's Motion to Dismiss [Complaint]" (Doc. 17) is **GRANTED IN PART** and **DENIED IN PART**.

2. The motion is **GRANTED** to the extent that Count III is **DISMISSED WITHOUT PREJUDICE**. The motion is otherwise **DENIED**.

3. Plaintiff AEB Biochemical USA is directed to file an amended complaint on or before June 4, 2025.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>21st</u> day of May, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE